Five cases for argument this morning. We will try to go straight through. We'll see if we can get that accomplished. Our first case for argument, I see council's ready. United States v. Velasquez. Good morning and may it please the court. Good morning. My name is Paige Messick and I represent the United States. When the United States filed its notice of appeal, the question of whether New Mexico robbery was a crime of violence or a violent felony under the ACCA was a murky question. But things have changed since then. In the past more than two years, two decisions have come out, one from this court, one from the Supreme Court, that now compel the conclusion that New Mexico robbery is a violent felony. And that is because it is impossible to commit New Mexico robbery without the use, attempted use or threatened use of violent physical force. Excuse me. I'd like to begin briefly with a discussion of actual force in this court's decision in Garcia. Garcia held that New Mexico robbery is categorically a crime of violence under the ACCA. And it did so even while accepting the premise that a certain degree or amount or quantum of force was necessary. And unless Garcia has been abrogated by an en banc decision of this court or by the Supreme Court, there's simply no room to revisit that holding. Velasquez's only argument in this respect is the footnote in this court's panel decision of Ashe. And that footnote, he points out, recognizes a potential... Was that a published opinion, Ashe? Yes, Ashe is a published. And so... A published. Pardon? Yes. Yes. And it brought into question Garcia or not? It did not call into question Garcia. So there's a footnote in Ashe that recognizes that there is a potential conflict between Garcia and Stokelyne. But that potential conflict doesn't help Velasquez here because Garcia employed a more demanding standard than Stokelyne. And in any regard, Ashe couldn't abrogate Garcia. Only the Supreme Court could do that. And, again, the conflict, if any, between Garcia and Stokelyne does not help Velasquez. So Stokelyne held that any force used to overcome a victim's resistance suffices for ACCA force. And in doing that, it rejected the idea that there is a threshold degree of force that is necessary. So Stokelyne doesn't undercut Garcia. If anything, had Stokelyne been decided before Garcia, it would have made Garcia a considerably easier case. But even if Garcia weren't on the books, Stokelyne alone would require holding that New Mexico robbery contains an element of physical force. In these cases, is it pivotal that we look at the state statute involved? And Stokely, of course, dealt with a Florida statute. We're dealing here with a New Mexico statute. Is there a difference in the language of the statutes that should give us pause? Yes, of course it's pivotal to look at the state statute. And how the state has applied that statute also. And, of course, how the state applies the statute. So there may be two statutes very similarly written that have been given judicial constructions that are different in different states. But New Mexico employs the same overcoming resistance standard as Florida. In fact, it cited the Florida cases for that point. Florida, of course, being the state whose robbery statute was at issue in Stokelyne. And that's really the end of it. New Mexico requires a precise type of force that the Supreme Court has said was enough. Sorry, your opponent relies on Borrella. Yes. And says that there was no force in that case. That everything happened so quickly, there wasn't even time for the victim to be afraid. How do you respond to that? And that's a New Mexico decision, I should say. Yes, of course. So that goes to Mr. Velazquez's argument as to threatened force. And whether New Mexico comports with the common law of threatened force in robbery. And, first, it's the United States' position that no such adherence to the common law of robbery is necessary. And I can talk more about that later. But in Borrella, that was a case in which the New Mexico Court of Appeals reviewed a jury's verdict for sufficiency of the evidence. It was an unpublished New Mexico Court of Appeals case. So in Borrella, the defendant reaches into the victim's car to take her purse and says, give me your purse and you won't get hurt. So there is an explicit threat of bodily harm in that case. And the New Mexico Court of Appeals never brought into question New Mexico's well-established lever requirement that it be the threat or use of force that accomplishes the taking. And the court pointed out there, in a very short discussion, that the jury had been correctly instructed that the taking had to be by force or threat of force and found that there was sufficient evidence for the jury to have drawn that conclusion. Now, I'm sure that that was a close question for the jury in that case, but it's not unreasonable for the Court of Appeals to have upheld the verdict there because you may have a threat of force that is sufficient to make the victim freeze up, to make the victim not offer any resistance. Even if the victim doesn't in that second feel the emotion of fear, the threat can still accomplish its purpose. And here the New Mexico Court of Appeals found that there was simply enough to support the jury's finding in that regard. But there was no indication that New Mexico, in an unpublished Court of Appeals decision, was dispensing with what the Supreme Court of New Mexico has called the lever requirement, which has been well-established in New Mexico law. And what case are you citing there, Bernal? What was New Mexico's Supreme Court case? Rodriguez is one of the New Mexico Supreme Court cases that embraces a lever requirement. That was the 2016 unpublished case. Well, how about a published case? There are no published cases in which the Supreme Court has embraced the lever requirement. Does Bernal help us in this case, New Mexico's Supreme Court case? Bernal analyzed the unit of prosecution for robbery and emphasized how robbery is a crime against a person and the emphasis is on force and violence. So I do think it helps in understanding how New Mexico views robbery. So it didn't really get into the nitty of what we are looking at here, which is overcoming resistance. You're just saying, yeah, it involves a person, but they didn't really get into the force required. That's right. Bernal did not discuss or apply overcoming resistance or the lever requirement. I think the best New Mexico case for a long analysis of the law and overcoming resistance would be the New Mexico Court of Appeals published case in the Curley decision. And I do want to point out that Curley is not alone. Decades of New Mexico cases have uniformly required that the force or threat of force be the lever or the factor by which the victim's property is unwillingly separated from the victim. And I don't even see Velazquez really to have made an argument that New Mexico does not require overcoming resistance. He's simply arguing that still in that analysis of overcoming resistance, we have to look for a certain amount of resistance, degree of resistance. And I think the Supreme Court could have not been clearer in Stoeckling that that is not the case. And then subsequent to Stoeckling, this court in the Ash decision also recognized that any overcoming resistance, no matter how slight that resistance is, is where the line is drawn between snatching, which would be larceny and robbery. And so where did the district court err here? The district court erred here in holding that this robbery offense or armed robbery was not a violent felony. The district court didn't have at its disposal Garcia or Stoeckling. And so the district court was focused on actual force, but it does seem that the district court believed that overcoming resistance itself was not enough, that there had to be something more, and that's no longer the case. And so here we're dealing with a three-level enhancement. That's what's at play here, a sentencing three-level enhancement that the court denied because it's not a crime of violence. Not a three-level enhancement, but rather the ACCA, a mandatory minimum sentence under the ACCA, predicated on three prior crimes of violence. I'm sorry, violent felony is a term under the ACCA. Many of the cases involving guidelines, you do use crime of violence, but violent felony is a statutory term. All right. I'd like to touch a little bit more on Velasquez's threat of force argument. We've discussed Barella. He also has argued that under the common law, if the fear that is inspired by the defendant's actions isn't reasonable under the common law, then there's no robbery offense. There's no reason, again, here to think that New Mexico deviates from the common law, nor would such adherence to the common law even be required under the ACCA, but Velasquez doesn't cite any New Mexico case accomplished by an unreasonable fear. He relies on Hernandez, and that was the case with all the, quote, trappings of a bank robbery, where the defendant walks up to a bank teller, in one hand appears to have a note, and the other hand is kept hidden from the teller for the duration of the encounter, demands all the money in the top drawer, and tells the teller not to set off the alarm. Velasquez is implying, I believe in his brief, that this teller's fear wasn't reasonable, or that it wasn't necessarily reasonable. I just cannot imagine anybody in that situation of the teller saying, No, I don't think so. You've got to make an express, explicit threat of force first. I think it's quite clear that the victim teller there had a reasonable fear. I mean, it's certainly different than Barella, where it was explicitly said, give me your purse or I'll hurt you. In that case, he just says, give me the money in your top drawer. No indication that he was armed. Does that take us out of whether this is a violent felony under the ACCA? No, it doesn't, because you can still look, as the New Mexico Court of Appeals had held, at the totality of the circumstances. And a person in that situation would be compelled against their will to part with their property because of fear that the defendant has inspired. And if you look at the circumstances, that is a reasonable fear. And Velazquez has not cited any New Mexico case accomplished by an unreasonable fear of force or of less than a Johnson-level threat of force. But New Mexico requires violence in some regard, doesn't it? As a characteristic of robbery? It does. The statutory language and the jury instructions, like the ACCA, use force and then or violence. But New Mexico permits that violence or that force to be established by any force that overcomes a victim's resistance. Right. In the Curley case, very much like Stokely. But you've just spoken to fear. And how does fear equate to violence? And overcoming resistance. I mean, I sort of get to overcoming resistance. I get that part more than the violence part. I think fear is more the lever to prevent resistance or to compel the victim to part with that property. Velazquez has made the argument that if there is no fear under the common law, then there's no robbery. But the common law actually used the phrase putting in fear to mean something much broader, to refer to any reasonable apprehension that would cause a person to unwillingly part with their property. It was really a useful shorthand, in a sense. It didn't focus on the emotional response of the victim, but rather on whether the fear, as New Mexico requires, is essentially the lever or the factor by which the property is parted from the victim. And the putting in fear or the reasonable apprehension is one of force or violence, which are essentially equivalent terms in robbery. And so New Mexico requires that this fear be the lever by which the property is taken. And Velazquez cites no case which involves less than a Johnson-level type of force. I'd like to reserve the remainder of my time. Thank you. May it please the Court, Counsel. Good morning. Good morning. There's been a considerable amount of discussion regarding whether or not New Mexico robbery requires actual force as it comes within the meaning of the ACCA. We're going to rely on our briefs insofar as that issue is concerned. There's been some discussion about it already. But even if this Court were to find that New Mexico robbery does not equal or, excuse me, is a need to fit for ACCA robbery, for purposes of the ACCA, excuse me, this Court still is tasked with determining under Harris what the minimal amount of force is or the minimal amount of conduct that would allow a conviction for New Mexico robbery. And in that discussion, we have to shift, not just focus on the actual force argument, but also on the use of constructive force. And when we look at what Harris says, once we determine what the minimum level of force is required for the crime of robbery in New Mexico, then we have to shift and determine whether or not it is a categorical fit. In this case, Your Honor, I would submit that it is not. And what case from New Mexico do you point to as setting the minimum necessary to establish force? That would be Borrella, as Your Honor has mentioned previously. In the United States v. Borrella, the individual reached into the car, did not make contact with the victim in that case, made a comment regarding not to say anything or everything would be okay, as he reached and took the purse. The victim in that case testified or stated that there was no time for her to be afraid. So we have a situation. Was there touching? There was no touching. With no touching. There was no touching. So in that case, we have a situation where the object is taken. There is a threat that is uttered, but the threat becomes irrelevant because the threat had no bearing on the victim herself. As I stated, the victim stated that she didn't have time to be afraid. The fear didn't set in until later. According to Borrella, then, the minimum amount of conduct in New Mexico does not require that the fear actually be the lever, because in that case, indeed, it was not the lever. Does it matter that what he actually said was just give me your purse and you won't get hurt? No. It doesn't matter at all because it would almost be as if he said nothing because there was no fear until the object was already taken. The object was gone. So in that situation, it is not the lever. The fear that Ms. Messick still talked about and the requirement in New Mexico that the fear or the force be the lever, which separates the individual from the property, it's not there. So when we look at Borrella, Your Honor should not have to rely just on that. You can also look at – I believe that Hernandez also stands for the same proposition. And as Your Honors are aware, in Hernandez, the individual came in, said give me everything in the top drawer. Don't sound the alarm. There was no verbal threat made at all in that case. The threat was alleged to have been implied. There is no testimony from the victim that he necessarily felt fear, although the defendant did concede that there was evidence that the victim may have been afraid. However, most notably in Hernandez is that there is no discussion of the reasonableness of the individual's fear. There's no discussion of that whatsoever. And under common law, which would, according to Step 2 in Harris, in determining whether or not there's a categorical fit, in common law, the force or the threat must be of such a nature as to excite reasonable apprehension of anger and to reasonably cause a man to surrender his property. When there is no putting in fear, according to Clark v. Marshall, which was quoted extensively in Stoeckling, when there is no putting in fear, there must be actual violence. And clearly we do not have that in this situation. So when this court is tasked with determining what the minimal level of conduct is and then determining exactly what would be required or what would be a categorical fit, I think Borrella and Hernandez both point the way for this court and indicate that New Mexico robbery under a constructive use of force analysis is not a fit. Thank you. Do you others have any additional questions for me? If not, I have nothing further to add. I see none. Thank you. Thank you. It's not that we don't care or don't understand. It's just that we have had this issue so many times. I understand we're going to have it two more times in March, I believe. Yes, we are. Is that right? Yes, we are. There is a feeling of deja vu in this case. Yes. I just wanted to push back on Mr. Fuchs' contention that New Mexico has to meet the common law of robbery definition. The ACCA is not limited to common law of robbery. Robbery is no longer an enumerated offense. We're now under the Elements Clause, which Congress created to expand the definition of crimes that qualify under the ACCA. So the question now is not whether New Mexico comports with the common law or whether New Mexico is generic robbery, but whether New Mexico comports with the ACCA's requirement that it contain an element of the use, attempted use, or threatened use of physical force. And so I don't think that comparing the cases that he cites, Borrella and Hernandez, to common law of robbery is actually the right analysis. Although if it were, we believe that they fit. But really, you need to ask, was there an element of the right kind of physical force there? And in Borrella, we have an explicit threat of physical force. That suffices under the ACCA. In Hernandez, we have an implicit but unequivocal threat of Johnson-level force. How is it unequivocal in Hernandez? Because everybody knows what a bank robbery looks like and that a bank robbery is a violent type of crime. That if that teller had not handed over the money, that teller is fearing some kind of harm, bodily injury. I might agree with you if he had his finger in his pocket, you know, looking like a gun. But, I mean, do we really just assume everyone who walks up to a teller and says, please give me some money, is armed? If the person just walks up to a teller and says, please give me some money, and there's sort of a pause, like maybe from my account. But when you say, give me all the money in the top drawer, don't set off the alarm, something in my hand that looks like a note and can't tell what's in the other hand, that creates, in the circumstances, as the court said, with all the trappings of a bank robbery, that creates a reasonable fear of physical harm. Was there anything? I think that was the case, Hernandez, where there was the instructor not to ring the alarm. That's right. Can we get anything from that? Is that, I mean, don't ring the alarm or? I think the or else, exactly, the or else is implied. In addition to the demanding the money. Right. Because if there is no implied or else, why in the world would someone hand over thousands of dollars from the drawer? There has to be that implicit threat. And I would further note that implicit threats are also recognized under the ACCA, so there is no mismatch here between New Mexico's recognition of implicit threats and the ACCA's. If the court has no further questions, we would ask it to reverse the judgment of the district court. Thank you. Thank you, counsel, for your arguments this morning. The case is submitted.